UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-14061-CANNON/MAYNARD

NATIONWIDE JUDGMENT RECOVERY, INC.,

    **Plaintiff,**

v.

**SANDRA MOORE,**

    **Defendant,**

v.

**WELLS FARGO BANK, N.A., et al.**

    **Garnishee.**

_____/

## REPORT AND RECOMMENDATION ON WRITS OF GARNISHMENT

**THIS CAUSE** is before me upon a Writ of Garnishment as to Garnishee Wells Fargo Bank, N.A, as well as other outstanding writs and answers requiring adjudication or resolution in this case. DE 32. These writs have been referred to me for appropriate disposition by presiding District Judge Aileen M. Cannon. DE 38. For the reasons set forth below, I **RECOMMEND** all pending writs be deemed dissolved.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment in favor of plaintiff Kenneth D. Bell and against each individual member of a Defendant class. DE 1. Relevant here, final judgment against Defendant Sandra Moore ("Defendant") was entered in the amount of $15,690.59 (comprised of $11,683.67 in "net

winnings from the ZeekRewards scheme" and $4,006.92 in prejudgment interest). *Id.* at 4. Post-judgment interest continues to accrue on the Final Judgment at the rate specified in 28 U.S.C. § 1961. *Id.* Plaintiff Nationwide Judgment Recovery, Inc. is the assignee of that final judgment. DE 1, DE 10.

On February 4, 2021, the final judgment was registered with this Court as a certified foreign judgment. DE 1. Upon Plaintiff's motions, the Clerk issued writs of garnishment on several banks ("Garnishees") for monies or property belonging to Defendant in their possession or control.[1] Then, Plaintiff served Defendant with the statutory required notice for each of the issued writs. DE 7, DE 14, DE 15, DE 24, DE 25, DE 34. Ultimately, the Garnishees answered all writs.[2] Following JP Morgan and Wells Fargo's answers, Plaintiff served Defendant with the second statutorily required notice of their answers. DE 9, DE 36. Thereafter, this matter was referred to me by Judge Aileen M. Cannon for a report and recommendation as to the disposition of Plaintiff's interest in the assets identified in Wells Fargo's answer, as well as any other outstanding writs. DE 38.

On September 13, 2024, I required Plaintiff to serve and file the requisite notice on D.A. as co-owner of a Wells Fargo account with Defendant by Friday, September 20, 2024. DE 40.

---

[1] The Clerk issued writs to JP Morgan Chase Bank, N.A. (DE 5); Guardians Credit Union (DE 13); Wells Fargo Bank, N.A. (DE 13, DE 21, DE 32); Truist Bank (DE 22); and TD Bank, N.A. (DE 13, DE 28).

[2] The Garnishees answered the writs as such: JP Morgan Chase Bank, N.A. (DE 8); Guardians Credit Union (DE 16, DE 17, DE 18); Wells Fargo Bank, N.A. (DE 23, DE 33); Truist Bank (DE 26); and TD Bank, N.A. (DE 30). Of those, JP Morgan Chase Bank, N.A., Guardians Credit Union, and Wells Fargo Bank, N.A. identified accounts with Defendant's assets. JP Morgan Chase Bank, N.A. identified an account with $412.77 that are exempt from garnishment as federal benefits. DE 8. Guardians Credit Union identified an account co-owned by Defendant and a person with the initials N.N.S that has $8,301.56 in federally exempt benefits and $107.96 non-exempt funds. DE 16, DE 17. The $107.96 was reduced by a basic membership fee of $25.00 and a garnishment fee of $50.00, leaving $32.09 held by Guardians in remaining funds. *Id.* Guardians filed a third Answer, stating that it now held $0.00 in remaining funds without explanation. DE 18. Wells Fargo identified two accounts affiliated with Defendant: (1) xxxx-xx-1989 with $0.00 subject to the writ, held in the name of D.H., a minor, by Sandra Moore-Gillard; and (2) xxxx-xx-3266 with $894.56 subject to the writ, held in the name of D.A.A. and Sandra Moore-Gillard.

No notice was filed. On September 23, 2024, I extended that deadline to October 7, 2024, and once again, nothing was filed. DE 41. On October 18, 2024, I ordered Plaintiff to provide a status report by October 25, 2024, specifically addressing why Plaintiff failed to file notice of the writ to D.A. and failed to comply with my subsequent Orders. DE 42. Yet again, nothing was filed.

## ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In Florida, after obtaining judgment, a plaintiff may move for issuance of a writ of garnishment. Fla. Stat. § 77.03. Once issued, the plaintiff must send to the defendant a copy of the writ of garnishment, the motion for writ of garnishment, and, if the defendant is an individual, a "Notice to Defendant," as well as a claim exemption form. Fla. Stat. § 77.041(2). Upon answer to the writ of garnishment, the plaintiff must serve on the defendant a copy of the garnishee's answer, and a notice that the defendant must move to dissolve the writ within 20 days after the date indicated on the certificate of service. Fla. Stat. § 77.055. Importantly, "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ." *Nationwide Judgment Recovery, Inc. v. Morris*, No. 6:21-MC-61-CEM-LHP, 2023 WL 3058039 at *1 (M.D. Fla. Apr. 24, 2023) (quoting Fla. Stat. § 77.07(5)). The Florida garnishment statutes must be strictly construed. *See Williams v. Espirito Santo Bank of Fla*., 656 So. 2d 212, 213 (Fla. 3d DCA 1995).

Here, (1) Plaintiff filed several motions for writ of garnishment; (2) the clerk issued writs to the Garnishees; (3) the Garnishees answered all writs and identified whether they have accounts belonging to Defendant; and (4) Plaintiff filed the required notice of the writs.[3] Plaintiff followed the procedure for issuance of writs of garnishment and the Garnishees filed their answers as required. However, Plaintiff has failed to file a single motion for dismissal or final judgment as to any of its writs. The latest writ issued was to Wells Fargo Bank, N.A. on December 7, 2023. DE 32. Here we are almost one year later, and Plaintiff has still failed to file a motion for dismissal or final judgment.[4] Because Plaintiff has failed to move for dismissal or for final judgment within six months, the writs must be automatically dissolved by operation of Fla. Stat. § 77.07(5). *See Fed. Deposit Ins. Corp. v. Amos*, No. 3:12CV548/MCR/EMT, 2017 WL 772340, at *1 (N.D. Fla. Feb. 28, 2017) ("Pursuant to the statute, a writ of garnishment automatically dissolves if a motion for final judgment is not filed within six months after filing the writ of garnishment." (citing Fla. Stat. § 77 .07(5)). See also *Nationwide Judgment Recovery, Inc. v. Morris*, No. 6:21-MC-61-CEM-LHP, 2023 WL 3058039 at *1 (M.D. Fla. Apr. 24, 2023) (denying motion for final judgment filed more than a year after the writ was issued under Florida Statute § 77.055).[5]

---

[3] Plaintiff only filed notice of JP Morgan and Wells Fargo's answers. DE 9, DE 36. However, "the failure to provide notice under Florida Statute § 77.055 does not provide a sufficient basis to dissolve a writ of garnishment[.]" *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.,* No. 1:20-MC-22441-KMM, 2021 WL 2682273 (S.D. Fla. June 29, 2021) (citing *Solorzano v. M.I. Quality Lawn Maint., Inc.*, No. 10-20975-CIV, 2013 WL 12244290, at *2 (S.D. Fla. Dec. 16, 2013)).

[4] Additionally, despite several Orders requiring a response, there has been no activity of record since December 19, 2023, when Plaintiff filed a second notice to Defendant Sandra Moore. DE 36.

[5] Section 77.07(5) provides that a plaintiff can extend the writ "for an additional 6 months by serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service." Fla. Stat. § 77.07(5). No such certificate of service has been filed in this case.

## RECOMMENDATION

Accordingly, for the reasons stated above, I respectfully **RECOMMEND** that the District Judge enter an Order deeming all outstanding writs of garnishment, DE 5, DE 13, DE 22, DE 28, DE 32, **DISSOLVED**.[6]

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with presiding U.S. District Judge Aileen M. Cannon.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely file written objections waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND RECOMMENDED** in Chambers, in Fort Pierce, Florida, this 21st day of November, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

Copies to:
Counsel of Record

Sandra Moore
232 NW Archer Ave
Port Saint Lucie, FL 34983

---

[6] Dissolution of the writs by operation of Fla. Stat. § 77.07(5) would not preclude Plaintiff from seeking subsequent writs.  *See Nationwide Judgment Recovery, Inc. v. Morrow*, No. 8:21-mc-70-TPB-JSS, 2022 WL 4762698, at *1 (M.D. Fla. Oct. 3, 2022) ("A plaintiff may seek a subsequent writ where an original writ has been automatically dissolved pursuant to Fla. Stat. § 77 .07(5).").